UNITED STATES DISTRICT COURT
EATERN DISTRICT OF NEW YORK
---------------------------------------------------------x

JIAN LONG LI,

        Plaintiff,

vs.

LI QIN ZHAO d/b/a CHINA HOUSE
a/k/a NEW CHINA HOUSE TAKE OUT,
and KING CHOONG YUEN,

        Defendants.

---------------------------------------------------------x

Civil Action No.:
11-CV-5636 (PKC)(WDW)

**CERTIFICATION OF LIQIN ZHAO**

I, Liqin Zhao, hereby certify that:

1. I am one of the defendants in the above captioned ation, and as such, I am fully familiar with the relevant facts and circumstances.

2. I respectfully submit this certification in support of Defendants' Motion for Summary Judgment.

3. On or about August 13, 2007, I started to conduct the subject restaurant business under the name of New China House Take Out at 906 Old Country Road, Village of Westbury, Town of Hempstead, County of Nassau, State of New York. (Exhibit "A", Business Certificate and New York State Department of Taxation and Finance Certificate of Authority)

4. The restaurant operated on premises of around 900 square feet in size with four four-chair dining tables in service area and one cooking range of five burners in kitchen area.

5. Due to the nature of a small size business, I and my husband, Defendant King Choong Yuen, worked in the restaurant on our own without hiring any employees or contracting any persons other than Plaintiff.

6. I and my husband prepared and cooked food, served food to customers who were dining in the restaurant, and delivered take-out food orders to customers near the restaurant because the business of my restaurant was very slow and on a typical day there would be only around ten take-out orders.

7. My father-in-law, who was over 70 years old, came to the restaurant almost every day to offer some help within his capability.

8. In some rare occasions of my husband's absence in the restaurant due to his engagement in other matters, my brother-in-law would come to help cook food.

9. From June 4, 2010 to January 28, 2011, I contracted Plaintiff to deliver food orders placed by customers near the restaurant from 5:00 pm to 9:00 pm on the days when Plaintiff came to my restaurant to provide delivery service. No take-out orders had ever been received and delivered to a customer out of New York State.

10. As agreed by both parties, Plaintiff was paid daily because Plaintiff was not an employee of the restaurant and he was free to choose to not come on the next day without the consequence of discipline.

11. However, as a matter of fact, Plaintiff came to my restaurant every week from Tuesday to Sunday except several days' off during the period from June 4, 2010 to January 28, 2011.

12. Plaintiff was paid by my restaurant at the rate of $8.00 per hour.

13. Plaintiff also received compensation for his service from the tips directly paid by customers to him.

14. Every day of his coming, Plaintiff was paid by cash at or before 9:00 p.m. when Plaintiff finished his last delivery.

15. As a small business, my restaurant's gross annual revenue never reached or exceeded $500,000.00.

16. Its gross receipts or sales were 70,901.00 in 2010 and $18, 294.00 for the period from January, 2011 to the end of the restaurant business on or about April 1, 2011. (Exhibit "B", Tax Returns of 2010 and 2011)

17. Chun World Vegetable Inc. was the sole food material supplier of my restaurant except that in some occasions my restaurant would purchase a very small quantity of food materials from supermarkets nearby, when my restaurant encountered temporary shortage of certain food material which was in immediate need for cooking on that day.

18. The account statements provided by the Chun World Vegetable Inc. indicate that the money amount of the food materials purchased by my restaurant was $4,367.27 in June, 2010, 4,549.43 in July, 2010, 4,482.00 in August, 2010, 4,614.64 in September, 2010, $4,363.17 in October, 2010, 5,037.74 in November, 2010, 4,638.46 in December, 2010, 4,699.69 in January, 2011, and 3,858.85 in February, 2011, showing $4,512.36 of monthly purchase of food materials in average. (Exhibit "C")

19. If the gross receipts or sales of my restaurant had ever exceeded $500,000.00, my restaurant would have made sales at $41,667 per month in average, equal to 9.23 times of the food material cost.

20. That is to say that my restaurant would have to sell food at a price equal to 923% of food material cost in order to keep its annual gross sales over $500,000.00. This was never the case in my restaurant, and based on my knowledge that will be impossible for a restaurant like mine to do so in the region of Westbury, New York.

21. Furthermore, the water fee charge indicates that the operation of my restaurant incurred water usage of $68.53 for the period from October 20, 2010 to January 28, 2011 and $100.48 for the previous quarter. (Exhibit "D")

22. The usage of the water also shows that my restaurant was not a business with annual gross sales exceeding $500,000.00.

23. In addition, my restaurant had a bank account for its operation. (Exhibit "E")

24. The bank statements might not reflect the exact amount of my restaurant's income because sometimes I received cash payments and I might use the cash income to pay something without depositing it in bank first.

25. In addition, the bank statements show that the items recorded as credit include those transactions which did not generate gross income to the restaurant.

26. For example, on January 20, 2011, the returned check in the amount of $2,570.00 was credited to my restaurant's account.

27. However, the bank statements infer the size of my restaurant business.

28. The bank statements of my restaurant indicate that the accumulated credit was $60,849.97 in 2010 and $30,283.91 during the period from January to May, 2011.

29. Even assuming that all the credit contained in the bank statements came from my restaurant sales, the total amount of credit was far below $500,000.00 in a year period.

30. The bank account was closed on or about May 23, 2011.

31. For the foregoing reasons, I respectfully request the Court to dismiss the Plaintiffs' complaint in its entirety, and for such and other relief as to the Court may seem just and proper, together with attorney's fees, costs, and disbursements of this action.

## CERTIFICATION

I certify that the foregoing Certification is true to my own knowledge, except as to matter therein stated to be alleged on information and belief and as to those matters I believe it to be true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

Dated: November 9, 2013

*Li Qin Zhao*
Liqin Zhao

Sworn to before me this
The 9th day of November, 2013

_____
Notary Public

JIA LEI
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LE6264887
Qualified in Queens County
My Commission Expires July 02, 2014