UNITED STATES DISTRICT COURT
EATERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JIAN LONG LI,

                Plaintiff,

vs.

LI QIN ZHAO d/b/a CHINA HOUSE
a/k/a NEW CHINA HOUSE TAKE OUT,
and KING CHOONG YUEN,

                Defendants.
---------------------------------------------------------x

Civil Action No.:
11-CV-5636 (PKC)(WDW)

**DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS**

      Pursuant to Local Rule 56.1, Defendants Li Qin Zhao ("Zhao") and King Choong Yuen ("Yuen") submit this statement of material facts as to which Defendants contend there are no genuine issues of material fact in dispute.

      1.      On or about August 13, 2007, Defendant Zhao started to conduct the subject restaurant business under the name of New China House Take Out at 906 Old Country Road, Village of Westbury, Town of Hempstead, County of Nassau, State of New York. (Zhao Affi. ¶ 3; Exhibit "A", Business Certificate and New York State Department of Taxation and Finance Certificate of Authority)

      2.      The restaurant operated on premises of around 900 square feet in size with four four-chair dining tables in service area and one cooking range of five burners in kitchen area. (Zhao Affi. ¶ 4)

      3.      Due to the nature of a small size of business, Defendants Zhao and Yuen worked in the restaurant on their own without hiring any employees or contracting any persons other than Plaintiff. (Zhao Affi. ¶ 5)

4. Defendants Zhao and Yuen prepared and cooked food, served food to customers who were dining in the restaurant, and delivered food orders to customers near the restaurant because the business was very slow and on a typical day there would be only around ten take-out orders. (Zhao Affi. ¶ 6)

5. Defendant Yuen's father, who was over 70 years old, came to the restaurant almost every day to offer some help within his capability. (Zhao Affi. ¶ 7)

6. In some rare occasions of Defendant Yuen's absence in the restaurant due to his engagement in other matters, Defendant Yuen's brother would come to help cook food. (Zhao Affi. ¶ 8)

7. From June 4, 2010 to January 28, 2011, Defendant Zhao contracted Plaintiff to deliver food orders placed by customers near the restaurant within New York State from 5:00 pm to 9:00 pm on the days when Plaintiff came to the restaurant to provide delivery service. (Zhao Affi. ¶ 9)

8. As agreed by both parties, Plaintiff was paid daily because Plaintiff was not an employee of the restaurant and he was free to choose to not come on the next day without the consequence of discipline. (Zhao Affi. ¶ 10)

9. However, as a matter of fact, Plaintiff came every week from Tuesday to Sunday except several days' off during the period from June 4, 2010 to January 28, 2011. (Zhao Affi. ¶ 11)

10. Plaintiff was paid by the restaurant at the rate of $8.00 per hour. (Zhao Affi. ¶ 12)

11. Plaintiff also received compensation for his service from the tips directly paid by customers to him. (Zhao Affi. ¶ 13)

12. Every day of his coming, Plaintiff was paid by cash at or before 9:00 pm. when Plaintiff finished his last delivery. (Zhao Affi. ¶ 14)

13. As a small business, the restaurant gross annual revenue never reached or exceeded $500,000.00. (Zhao Affi. ¶ 15)

14. Its gross receipts or sales were 70,901.00 in 2010 and $18, 294.00 for the period from January, 2011 to the end of the restaurant business on or about April 1, 2011. (Zhao Affi. ¶ 16; Exhibit "B", Tax Returns of 2010 and 2011)

15. Chun World Vegetable Inc. was the sole food material supplier of the restaurant except that in some occasions the restaurant would purchase a very small quantity of food materials from supermarkets nearby, when the restaurant encountered temporary shortage of certain food material which was in immediate need for cooking on that day. (Zhao Affi. ¶ 17)

16. The account statements provided by the Chun World Vegetable Inc. indicate that the money amount of the food materials purchased by the restaurant was $4,367.27 in June, 2010, 4,549.43 in July, 2010, 4,482.00 in August, 2010, 4,614.64 in September, 2010, $4,363.17 in October, 2010, 5,037.74 in November, 2010, 4,638.46 in December, 2010, 4,699.69 in January, 2011, and 3,858.85 in February, 2011, showing $4,512.36 of monthly purchase of food materials in average. (Zhao Affi. ¶ 18; Exhibit "C")

17. If the gross receipts or sales of the restaurant had ever exceeded $500,000.00, the restaurant would have made sales at $41,667 per month in average, equal to 9.23 times of the food material cost. (Zhao Affi. ¶ 19)

18. That is to say that the restaurant would have to sell their food at a price equal to 923% of material cost in order to keep its annual gross sales over $500,000.00. This was never the case in the subject restaurant, and based on Defendant Zhao's knowledge, it will be

impossible for a restaurant like Defendant Zhao's to happen in the region of Westbury, New York. (Zhao Affi. ¶ 20)

19. Furthermore, the water fee charge indicates that the operation of the restaurant incurred water usage of $68.53 for the period from October 20, 2010 to January 28, 2011 and $100.48 for the previous quarter. (Zhao Affi. ¶ 21; Exhibit "D")

20. Based on the usage of the water, it is impossible to make an inference of a restaurant of annual gross sales over $500,000.00. (Zhao Affi. ¶ 22)

21. In addition, the restaurant maintained a bank account for its operation. (Zhao Affi. ¶ 23; Exhibit "E")

22. The bank statements might not be able to show the accurate amount of the restaurant's income because sometimes the cash income received by the restaurant might be used to pay something without being deposited into bank account first. (Zhao Affi. ¶ 24)

23. In addition, the bank statements show that the items recorded as credit include those transactions which do not generate gross income to the restaurant. (Zhao Affi. ¶ 25)

24. For example, on January 20, 2011, the returned check in the amount of $2,570.00 was credited to the restaurant's account. (Zhao Affi. ¶ 26)

25. However, the bank statements infer the size of the restaurant's business. (Zhao Affi. ¶ 27)

26. The bank statement of the restaurant indicates that the accumulated credit was $60,849.97 in 2010 and $30,283.91 during the period from January to May, 2011. (Zhao Affi. ¶ 28)

      27.      Even assuming that all the credit contained in the bank statements came from the restaurant sales, the total amount of credit of was far below $500,000.00 in a year period.  (Zhao Affi. ¶ 29)

      28.      The bank account was closed on or about May 23, 2011.  (Zhao Affi. ¶ 30)


Dated: Queens, New York
       November 18, 2013

                                       Respectfully submitted,

                                       /s/ Song Chen
                                       Song Chen, Esq. [SC-4130]
                                       Kevin Kerveng Tung, P.C.
                                       136-20 38th Avenue, Suite 3D
                                       Flushing, New York 11354
                                       (718) 939 4633
                                       schen@kktlawfirm.com